# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

Massachusetts Fair Housing Center, *et al.*,
        Plaintiffs-Appellants,

v.

U.S. Department of Housing and Urban Development, *et al.*,
        Defendants-Appellees.

No. 25-1368

## RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED BRIEFING SCHEDULE

Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully files this response in opposition to plaintiffs' emergency motion for an expedited briefing schedule in this case. Plaintiffs ask that this Court enter an extremely expedited schedule, under which the government would have only seven days to file its merits brief in this Court. But plaintiffs have failed to justify that unusual treatment of this appeal. Their motion should be denied.

## STATEMENT

In this case, plaintiffs challenge the termination of grants that they had previously received from the U.S. Department of Housing and Urban Development. The named plaintiffs are four organizations that generally engage in activities related to combatting housing discrimination. *See* Dkt. No. 1, at 4-6. Each organization had previously received one or more grants under the Fair Housing Initiatives Program,

through which Congress has authorized the Secretary of Housing and Urban Development to "make grants to," or "enter into contracts or cooperative agreements with," various entities—including nonprofit organizations—that "are formulating or carrying out programs to prevent or eliminate discriminatory housing practices." 42 U.S.C. § 3616a(a).

On February 27, the Department terminated the four named plaintiffs' FHIP grants. *See* Dkt. No. 1, at 2. The Department has explained that it terminated plaintiffs' grants (along with some, but not all, other FHIP grants) after it determined that those grants "no longer effectuate the program goals or agency priorities." Dkt. No. 21-1, at 4. Plaintiffs allege that, at the time their grants were terminated, the four organizations collectively expected to receive approximately $660,000 in additional grant funds this year. Dkt. No. 1, at 4-6.

On March 13, plaintiffs filed this suit alleging that the grant terminations were illegal on various bases. *See* Dkt. No. 1. The same day, plaintiffs moved to certify a class of similarly situated grant recipients and moved for a temporary restraining order to require reinstatement of the grants. *See* Dkt. Nos. 2, 3. The government filed its response to both motions on March 21. *See* Dkt. No. 21.

On March 26, the district court granted the motion for a temporary restraining order and directed the government to reinstate plaintiffs' FHIP grants. *See* Dkt. No. 31, at 2. The district court's analysis consisted entirely of a citation to the district

2

court's and this Court's decisions in *California v. Department of Education*, No. 25-cv-10548, 2025 WL 760825 (D. Mass. Mar. 10, 2025), *stay pending appeal denied*, 132 F.4th 92 (1st Cir. 2025). *Id.* at 1-2. The court stated that it saw "no meaningful way to distinguish this case from *California*" and thus it was "adopt[ing] the First Circuit's reasoning in full here." *Id.* at 2 n.2. The court's temporary restraining order was scheduled to "remain in effect for 14 days." *Id.* at 3.

Following the district court's entry of the temporary restraining order, the government consented to an extension of the order through May 16 for the purpose of providing time to brief and decide plaintiffs' forthcoming motion for a preliminary injunction. *See* Dkt. No. 35, at 2; *see also* Fed. R. Civ. P. 65(b)(2) (explaining that a temporary restraining order may not be extended beyond 28 days unless "the adverse party consents"). The district court thus extended the temporary restraining order through May 16. Dkt. No. 36.

On April 4, the Supreme Court granted the government's application to vacate the order entered by the district court in *California v. Department of Education*. *See Department of Education v. California*, 145 S. Ct. 966 (2025) (per curiam). The Supreme Court explained that the government was "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA." *Id.* at 968. That was so, the Court explained, because the "APA's limited waiver of [sovereign] immunity does not extend to order to enforce a contractual obligation to pay money

3

along the lines of what the District Court ordered." *Id.* (quotation omitted). "Instead, the Tucker Act grants the Court of Federal Claims jurisdiction over suits" seeking such relief. *Id.*

In light of that decision, the government moved in this case to dissolve the temporary restraining order. On April 14, the district court granted that motion and dissolved the order, explaining that "plaintiffs assert essentially the same claim here" as did the plaintiffs in *California* and thus the court was bound by "the Supreme Court's unmistakable directive that, for jurisdictional purposes, the proper forum for this case is the Court of Federal Claims." Dkt. No. 42.

Plaintiffs have appealed the district court's dissolution of the temporary restraining order and have successfully moved to stay proceedings in district court pending this appeal. *See* Dkt. Nos. 46, 48. And plaintiffs have now filed an emergency motion in this Court seeking expedition of this appeal. Under plaintiffs' proposed schedule, plaintiffs' opening brief would be due April 22, the government's response brief would be due April 29, and plaintiffs' reply brief would be due May 2. Mot. 9.

**ARGUMENT**

Plaintiffs fail to justify the extreme expedition that they seek. Most importantly, this appeal will become moot in less than a month when the temporary restraining order would have expired if it had not been dissolved. There is thus no reason to expend the resources required to comply with plaintiffs' extremely fast proposed

4

schedule in this appeal. And to the extent that plaintiffs believe they can use this appeal to anticipatorily challenge the district court's possible future denial of a preliminary injunction, that is incorrect. Regardless, even if this appeal were not about to become moot, plaintiffs have not demonstrated the immediate, irreparable harm that would be necessary to justify their proposal.

1. Plaintiffs' proposed expedition is unwarranted because this appeal will become moot in less than a month. As explained, the district court's temporary restraining order was entered on March 26 and had been extended with the government's consent through May 16. After that date, the order would have expired on its own terms, and it could not have been extended for any additional time without the government's consent. *See* Fed. R. Civ. P. 65(b)(2).

Plaintiffs now appeal the district court's dissolution of the order that would have expired on May 16. But once an order expires on its own terms, any appeal of that order is generally moot. *See* Wright & Miller, *Federal Practice and Procedure* § 3533.3.2 n.2 (Apr. 2025 update) (collecting cases). Similarly, plaintiffs' appeal of the early termination of the district court's order will become moot once the order otherwise would have expired. At that point, this Court could "no longer give any effectual relief to the potentially prevailing party." *Pietrangelo v. Sununu*, 15 F.4th 103, 105 (1st Cir. 2021) (quotation omitted). Any decision from this Court vacating or

reversing the district court's dissolution of the temporary restraining order would have no effect, because the order would be expired in any event.

In that context, it is clear that expedition of this appeal is not warranted. Under plaintiffs' proposal, this appeal would be fully briefed by May 2. But plaintiffs do not suggest that this Court should proceed to holding oral argument and resolving the appeal on the merits before May 16. And even if this Court were to expend the substantial judicial resources required to fully resolve this appeal within two weeks after the completion of briefing, the appeal would still become moot shortly thereafter—and the losing party would have a substantial basis to seek vacatur of any opinion and judgment entered by this Court. *See United States v. Munswingwear, Inc.*, 340 U.S. 36, 39 (1950). Without any meaningful possibility of an enduring decision in this appeal, there is no reason for the extremely expedited schedule proposed by plaintiffs.

2. Perhaps anticipating this problem, plaintiffs obliquely suggest that the district court's reasoning "extends to, and thus appears to resolve ex ante, any motion for a preliminary injunction"—and that the dissolution of the temporary restraining order thus "effectively deprives Plaintiffs of the opportunity to seek preliminary relief." Mot. 8. To the extent that plaintiffs intend to suggest that this appeal could be construed as an appeal from the constructive denial of a preliminary injunction or otherwise might not become moot after May 16, that suggestion is unfounded.

First, as explained, the order from which plaintiffs appeal is the district court's order dissolving the temporary restraining order. And the relief that plaintiffs could receive in this appeal is thus properly limited to a judgment of this Court reversing or vacating that order. Once the temporary restraining order would have otherwise expired—both by its own terms and pursuant to the time limitations contained in Rule 65(b)—that relief can no longer benefit plaintiffs. And the fact that the Court's reasoning might bear on the district court's possible future resolution of a new motion for a preliminary injunction is irrelevant. Asking this Court to preemptively provide such guidance in an appeal where the Court's judgment could have no effect is nothing more than asking this Court "to render an advisory opinion, which Article III prohibits." *Pietrangelo*, 15 F.4th at 105.

Second, as a practical matter, any attempt by plaintiffs to forgo briefing and resolution of an actual preliminary injunction motion in district court would cause serious practical problems. As explained, the district court's temporary restraining order was entered on an extremely fast timeline, with the government filing its response to plaintiffs' motion only eight days after this suit was filed and the district court enjoining the government in an opinion that contained no reasoning beyond adopting this Court's decision in *California*. That scant factual and legal record does not substitute for the more fulsome record—both in terms of the evidence and arguments that the parties may be able to advance and in terms of the reasoning that

7

the district court may be able to articulate—that could be developed through the process of resolving a preliminary injunction motion in the ordinary course.

3. Even setting aside the problem that plaintiffs' appeal will soon become moot, their motion fails to justify the extreme expedition that they seek. In contending that an expedited appeal is necessary to avoid irreparable harm, plaintiffs argue generally—without a single citation to the record and without distinguishing between plaintiffs themselves and the "62 other putative class member[s]" that plaintiffs claim to represent, Mot. 6—that the inability to access grant funds during the pendency of this appeal will harm plaintiffs in various ways. Mot. 6-7.

Those generic arguments fail to justify plaintiffs' requested relief. First, as the Supreme Court recognized in *California*, if plaintiffs are ultimately correct on the merits, "they can recover any wrongfully withheld funds through suit in an appropriate forum." *California*, No. 24A910, at 2. There is no need for extreme expedition simply to allow plaintiffs to potentially recover funds more quickly. Second, according to plaintiffs' own allegations, it appears that they have already received more than half the grant funds they were entitled to for this year. Dkt. No. 1, at 4-6. And plaintiffs nowhere explain how they specifically will be affected if they must wait a few months for less extremely expedited appellate processes to play out in order to access the relatively minor amount remaining on this year's grants—

approximately $660,000 across all four named plaintiffs, *see id.*

## CONCLUSION

For the foregoing reasons, plaintiffs' motion should be denied.

Respectfully submitted,

SHARON SWINGLE

 /s/ *Sean R. Janda*
SEAN R. JANDA
BRIAN J. SPRINGER
*Attorneys, Appellate Staff*
*Civil Division, Room 7260*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3388*
*sean.r.janda@usdoj.gov*

APRIL 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1885 words, according to the count of Microsoft Word.

*/s/ Sean R. Janda*
Sean R. Janda
