

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Room 7216
Washington, DC 20530

Tel: 202-305-8727

May 28, 2025

**VIA CM/ECF**

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

RE: *Massachusetts Fair Housing Center, et al. v. Department of Housing and Urban Development, et al.*, No. 25-1368 (1st Cir.)
Response to Rule 28(j) Notice of Supplemental Authority

Dear Ms. Dubrovsky:

The government writes in response to plaintiffs' May 23, 2025 letter submitting the Ninth Circuit's decision in *Community Legal Services in East Palo Alto v. Department of Health and Human Services*, No. 25-2808 (May 20, 2025).

In *Community Legal Services*, the Ninth Circuit declined to stay pending appeal an order preliminarily enjoining the government from withdrawing government funding for counsel to represent unaccompanied children in immigration proceedings. Op. 5-6. *Community Legal Services* was not correctly decided. And even if it were, it cannot support restoring the TRO at issue here.

The Ninth Circuit's jurisdictional analysis does not apply here. Critically, the Ninth Circuit concluded in *Community Legal Services* that "no contract exist[ed] between plaintiffs and the Government." Op. 6-7. As a result, the court determined, the plaintiffs were not seeking to enforce compliance with any government contract and were instead

seeking to enforce statutory and regulatory provisions that plaintiffs argued required the government to fund legal services for unaccompanied children. Op. 8-9. Moreover, the plaintiffs, as subcontractors, had no right to sue the government in the Court of Federal Claims—further undermining, in the Ninth Circuit's view, the argument that the plaintiffs' Administrative Procedure Act claims were barred. Op. 9-11. Neither of these bases apply in the present case, where there were contracts between plaintiffs and HUD and where plaintiffs may bring breach-of-contract suits in the Court of Federal Claims. *See* Resp. Br. 4, 17.

Nor is the Ninth Circuit's "committed to agency discretion" analysis applicable here. There, the district court found that the government had elected to withhold all funding for legal services for unaccompanied children. Op. 9, 15. Because certain statutes and regulations ostensibly required the government to ensure such services were provided, the Ninth Circuit reasoned, the government's decision to withdraw all funding was reviewable. In the present case, however, the government continues to provide funding through the Fair Housing Initiatives Program. *See* Resp. Br. 3-4. It has simply exercised its discretion as to how best to allocate the funding for the program among many different potential grant recipients—a decision committed to HUD's discretion.

Sincerely,

*s/ Sarah Clark Griffin*
Sarah Clark Griffin
Counsel for the United States

cc: Counsel of Record (via CM/ECF)