

RELMAN COLFAX PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
202.728.1888
www.relmanlaw.com

July 15, 2025

**VIA CM/ECF**
Anastasia Dubrovsky
Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      Re: *Massachusetts Fair Housing Center et al. v. Department of Housing and Urban Development et al.*, Case No. 25-1368

Dear Ms. Dubrovsky,

      Plaintiffs-Appellants respectfully write to inform the Court of developments in this matter since the Parties submitted their briefs.

      This case concerns the Defendant U.S. Department of Housing and Urban Development's ("HUD") February 27, 2025 termination of seventy-eight Fair Housing Initiative Program ("FHIP") grants. Plaintiffs challenged HUD's termination decision in federal court and obtained a temporary restraining order on March 26. HUD sent a memorandum to the recipients of the at-issue FHIP awards on March 27, noting that the grants were "restored to [their] status prior to February 27, 2025, and reinstated." On April 14, the District Court dissolved the temporary restraining order for lack of subject matter jurisdiction, and Plaintiffs appealed this Dissolution Order.

      Plaintiffs' Counsel has learned from its clients that HUD has been administering the reinstated grants notwithstanding the Dissolution Order. For example, HUD has reviewed quarterly reports, completed vouchers for work performed, and finalized deliverables for future grant quarters. Plaintiffs' Counsel accordingly emailed Counsel for HUD to inquire as to HUD's position on the status of the grants and to confirm that HUD intends to continue administering them for the duration of their periods of performance. Despite five emails from Plaintiffs' Counsel since June 27, 2025, HUD has declined to provide its position on the status of the grants.

      Although HUD's current administration of the grants may affect Plaintiffs' entitlement to preliminary relief on remand, it does not alter the need for immediate appellate review, for two reasons.



*First*, appellate review remains necessary because the District Court's jurisdictional analysis in the Dissolution Order concluded that the District Court does not have jurisdiction over "this case," without limitation to the temporary restraining order. A725. If left uncorrected, the reasoning in the Dissolution Order would require dismissal of the matter. Thus, as Plaintiffs explained in their briefing, adjudicating this appeal will resolve a live and pressing legal question in this case. *See, e.g.*, Reply Brief of Plaintiffs-Appellants at 5–6 (collecting cases where appellate courts reviewed expired orders because the orders sufficiently impacted the parties' ongoing legal rights and obligations).

*Second*, under the "voluntary cessation" doctrine, HUD's refusal to provide its position on the grants keeps Plaintiffs' claims alive, irrespective of HUD's current actions. For a case to be mooted by the voluntary halting of a defendant's conduct, "a defendant must prove 'no reasonable expectation' remains that it will 'return to [its] old ways.'" *FBI v. Fikre*, 601 U.S. 234, 241 (2024) (rejecting the government's mootness argument and holding that "the government's sparse declaration falls short of demonstrating that it cannot reasonably be expected to do again in the future what it is alleged to have done in the past"); *see also, e.g.*, *R.I. Latino Arts v. Nat'l Endowment for the Arts*, --- F. Supp. 3d ---, 2025 WL 1009026, at *6 (D.R.I. Mar. 26, 2025) (finding a federal funding case was not moot because of risk of "prospective application" of agency's "categorical prohibition of projects deemed to promote gender ideology"). In declining to respond to Plaintiffs' inquiry, HUD is reserving the right to resume enforcement of its February 27 termination decision at any moment. This is far from the disavowal needed to demonstrate mootness.

Because the Dissolution Order continues to control the District Court's understanding of jurisdiction and because HUD will not provide its position on the grants, let alone commit to continued administration, continuation of the appellate proceedings remains necessary.

Sincerely,

*s/Lila Miller*
Lila Miller
Relman Colfax PLLC