

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: 202-616-5446

August 29, 2025

**VIA CM/ECF**

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

RE: *Massachusetts Fair Housing Center v. Department of Housing and Urban Development*, No. 25-1368 (1st Cir.) (oral argument held July 30, 2025)

Dear Ms. Dubrovsky:

The government writes regarding the Supreme Court's ruling in *National Institutes of Health v. American Public Health Ass'n*, No. 25A103, 2025 WL 2415669 (U.S. Aug. 21, 2025). In that case, the district court purported to "vacat[e] the Government's termination of various research-related grants." *Id.* at *1. Reiterating its reasoning in *Department of Education v. California*, 145 S. Ct. 966 (2025), the Supreme Court stayed the judgment vacating the individual grant terminations.

The Court explained that the Administrative Procedure Act "does not provide [district courts] with jurisdiction to adjudicate claims based on [federal] grants or to order relief designed to enforce any obligation to pay money pursuant to those grants." *American Pub. Health Ass'n*, 2025 WL 2415669, at *1 (quotations omitted); *see also id.* at *1-2 (Barrett, J., concurring) (making clear that challenges to agency "decisions terminating existing" contracts, including challenges brought "under the Administrative Procedure Act," likely "belong in the Court of Federal Claims"); *see also id.* at *4 (Gorsuch, J., joined by Kavanaugh, J., concurring in part and dissenting in part) (similar). And the Court concluded that the government faced irreparable harm because the grant funds, once disbursed, likely "cannot be recouped and are thus irrevocably expended." *Id.* at *1 (quotations omitted).

The Supreme Court's ruling in *American Public Health Ass'n* reinforces the district court's decision in this case to dissolve its temporary restraining order. As in *American Public Health Ass'n*, plaintiffs here seek to bring a challenge under the Administrative Procedure Act to grant terminations by the Department of Housing and Urban Development. The Supreme Court's decision reaffirms the government's arguments that plaintiffs' claims are barred by the Tucker Act and that the equities do not support a temporary restraining order. *See* Gov't Br. 16-23, 30-32. Indeed, plaintiffs in this case pressed arguments materially similar to the unsuccessful arguments made by the plaintiffs in *American Public Health Ass'n*. *See generally APHA* Respondents' Opposition to Application for Stay, *American Pub. Health Ass'n*, 2025 WL 2415669 (No. 25A103), 2025 WL 2244206.

        Sincerely,

        *s/ Brian J. Springer*
        Brian J. Springer
        Attorney

cc:    Counsel of Record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 331 words.

*s/ Brian J. Springer*
Brian J. Springer

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed the foregoing letter with the Clerk of the U.S. Court of Appeals for the First Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/ Brian J. Springer*
Brian J. Springer
