

RELMAN COLFAX PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
202.728.1888
www.relmanlaw.com

September 5, 2025

**VIA CM/ECF**
Anastasia Dubrovsky
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

> RE: *Massachusetts Fair Housing Center v. Department of Housing and Urban Development*, No. 25-1368 (1st Cir.) (oral argument held July 30, 2025)

Dear Ms. Dubrovsky:

Plaintiffs-Appellants write in response to Defendants-Appellees' August 29, 2025 letter regarding *National Institutes of Health v. American Public Health Ass'n*, No. 25A103, 2025 WL 2415669 (U.S. Aug. 21, 2025) ("*NIH v. APHA*"). The recent order in *NIH v. APHA* supports remanding this matter to the District Court for further proceedings.

The Supreme Court reached a bifurcated result in *NIH v. APHA*. Five justices granted the National Institute of Health's request to vacate the portion of a district court order requiring the Institute to continue funding individual grants, stating that the district court did not have jurisdiction to adjudicate the grant-related claims or to enforce an obligation to pay money under those grants. 2025 WL 2415669, at *1. However, the Supreme Court left in place the portion of the district court's order invalidating the underlying policy directives that prompted the grant terminations, confirming that challenges to such directives may be adjudicated in federal district court. *Id.* (otherwise denying the Institute's application). In explaining her controlling vote on these issues, Justice Barrett distinguished between challenges to a uniform policy directive (which in her view belong in federal district court), and individual "grant terminations" (which in her view belong in the Court of Federal Claims). *Id.* at *2.

Further proceedings are required to determine the appropriate forum for Plaintiffs' claims. Plaintiffs' claims stem from a single, class-wide termination decision by Defendant-Appellee the U.S. Department of Housing and Urban Development ("HUD"). *See, e.g.*, ECF 1 at ¶ 110 (Plaintiffs "seek to certify a class consisting of: all FHIP grantees who had grants terminated based on *a decision*, as communicated through a February 27 form letter[.]") (emphasis added). And HUD has conceded that it acted pursuant to a uniform policy of


RELMAN COLFAX PLLC
September 5, 2025

terminating any Fair Housing Initiatives Program grant that contained certain language, i.e., by relying on a formulaic word search. ECF 21-1 at ¶ 7. At a minimum, Plaintiffs should be permitted to develop the record below to show that, like the directives in *NIH v. APHA*, this uniform policy is subject to challenge in federal district court.

        Sincerely,

        s/ Lila Miller
        Lila Miller
        Relman Colfax PLLC

**CERTIFICATE OF COMPLIANCE**

  This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 346 words.

           s/ Lila Miller
           Lila Miller

**CERTIFICATE OF SERVICE**

  I, Lila Miller, hereby certify that on September 5, 2025, I electronically filed the foregoing letter with the Clerk of the U.S. Court of Appeals for the First Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

           s/ Lila Miller
           Lila Miller