# United States Court of Appeals
## For the First Circuit

No. 25-1368

MASSACHUSETTS FAIR HOUSING CENTER; INTERMOUNTAIN FAIR HOUSING
COUNCIL; SAN ANTONIO FAIR HOUSING COUNCIL, INC., d/b/a Fair Housing Council of
South Texas; HOUSING RESEARCH AND ADVOCACY CENTER, d/b/a Fair Housing Center
for Rights & Research, Inc., on behalf of themselves and all those similarly situated,

Plaintiffs, Appellants,

v.

UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT; SCOTT
TURNER, in his official capacity as Secretary of Housing and Urban Development; UNITED
STATES DOGE SERVICE; UNITED STATES DOGE SERVICE TEMPORARY
ORGANIZATION; AMY GLEASON, in her official capacity as Acting Administrator of U.S.
DOGE Service and U.S. DOGE Service Temporary Organization,

Defendants, Appellees.

Before

Rikelman and Aframe, Circuit Judges,
and Elliott,* District Judge.

**JUDGMENT**

Entered: November 18, 2025

        In this case, four fair housing nonprofit organizations ("plaintiffs-appellants")
challenge the termination of their grant awards by the U.S. Department of Housing and Urban
Development and other federal government entities and officials ("the government").  The
plaintiffs-appellants sought a temporary restraining order (TRO), which the district court issued
on March 26, 2025.  On April 14, the district court dissolved the TRO in light of the Supreme
Court's decision in Department of Education v. California, 145 S. Ct. 966 (2025) (per curiam).
The district court concluded, based on the Supreme Court's order in California, that it likely lacked
subject matter jurisdiction to decide this case because it should have been brought in the Court of
Federal Claims under the Tucker Act.

---

* Of the District of New Hampshire, sitting by designation.

The plaintiffs-appellants appealed the district court's April 14 order dissolving the March 26 TRO. Before us, the government contends, among other arguments, that this appeal became moot in mid-May when the March 26 TRO would have expired as a matter of course.

We heard oral argument in this case on July 30. Several weeks later, on August 21, 2025, the Supreme Court issued an order in National Institutes of Health v. American Public Health Ass'n, 145 S. Ct. 2658 (2025) (mem.) ("APHA").

The parties brought the Supreme Court's order in APHA to our attention in Rule 28(j) letters filed on August 29 and September 5, respectively. In their September 5 letter, the plaintiffs-appellants argued that "[f]urther proceedings are required to determine the appropriate forum for [their] claims" and that "[p]laintiffs should be permitted to develop the record below to show that, like the [agency-wide] directive" in APHA, the conduct at issue in this case "is subject to challenge in federal district court." In the weeks since plaintiffs-appellants submitted their Rule 28(j) letter, the government has not opposed or otherwise responded to their request for a remand.

We construe the plaintiffs-appellants' September 5 letter as a motion to remand. Especially in light of the lack of opposition from the government, we agree that a remand is appropriate to permit the parties to litigate the impact of APHA on the plaintiffs-appellants' claims in this case. We express no opinion on the merits of these issues.

By the Court:

Anastasia Dubrovsky, Clerk

cc: Hon. Richard G. Stearns, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, Lila Miller, Reed Colfax, Daniel Ordorica, Sharon Swingle, Donald Campbell Lockhart, Daniel Tenny, Abraham R. George, Brian James Springer, Sarah Clark Griffin, Sean Janda, Julian N. Canzoneri, Barbara D. Underwood, Letitia James, Judith N. Vale, Anthony R. Raduazo, Robert Bonta, Ezra Kautz, Brian Bilford, Ann E. Lynch, Andrea J. Campbell